## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| | ) | |
| **NING YE,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 09-104 (ESH)** |
| | ) | |
| **ERIC H. HOLDER, JR.,** | ) | |
| **Attorney General,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Petitioner Ning Ye, an attorney proceeding *pro se*, seeks a writ of mandamus pursuant to 28 U.S.C. § 1361.[1] Petitioner requests that the Court order defendant to launch an investigation into possible violations of 18 U.S.C. §§ 241 and 242 and 22 U.S.C. § 611 *et seq.*, which have allegedly occurred as a result of, or contributed to, the Department of Justice's ("DOJ") prosecution of petitioner for assaulting, resisting, or impeding two U.S. Marshals in the performance of their official duties.  *See* Indictment, *United States v. Ye*, No. 08-CR-324 (D.D.C. filed Oct. 23, 2008).  Petitioner also seeks an order compelling defendant to respond to his request under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 *et seq.*, for the DOJ's file relating to his prosecution.  Defendant has opposed the petition and moved for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6) or, in the alternative, for summary judgment pursuant to Rule 56.  For the reasons set forth below, defendant's motion will be granted.

---

[1] The petition repeatedly misidentifies the mandamus statute as 18 U.S.C. § 1361.

A writ of mandamus is "a 'drastic and extraordinary' remedy 'reserved for really extraordinary causes.'" *Cheney v. U.S. Dist. Court*, 542 U.S. 367, 380 (2004) (quoting *Ex parte Fahey*, 332 U.S. 258, 259-60 (1947)); *see also Doe v. Exxon Mobil Corp.*, 473 F.3d 345, 353 (D.C. Cir. 2007). It is available only if "'(1) the plaintiff has a clear right to relief; (2) the defendant has a clear duty to act; and (3) there is no other adequate remedy available to the plaintiff.'" *In re Medicare Reimbursement Litig.*, 414 F.3d 7, 10 (D.C. Cir. 2005) (quoting *Power v. Barnhart*, 292 F.3d 781, 784 (D.C. Cir. 2002)); *see also Swan v. Clinton*, 100 F.3d 973, 977 n.1 (D.C. Cir. 1996). The duty to be compelled must be "'nondiscretionary,'" *Pittston Coal Group v. Sebben*, 488 U.S. 105, 121 (1988) (quoting *Heckler v. Ringer*, 466 U.S. 602, 616 (1984)), "'ministerial,'" "'clearly defined,'" and "'undisputable.'" *Shoshone Bannock Tribes v. Reno*, 56 F.3d 1476, 1480 (D.C. Cir. 1995) (quoting *13th Regional Corp. v. Dep't of Interior*, 654 F.2d 758, 760 (D.C. Cir. 1980)). Thus, "'[t]he law must not only authorize the demanded action, but require it . . . .'" *Id.* (quoting *13th Regional Corp.*, 654 F.2d at 760).

Petitioner seeks an order compelling the initiation of an investigation into whether the government's prosecution of petitioner violates of the law. (Pet. at 14-15.) However, petitioner cannot establish that he is entitled by right to such an investigation or that defendant has a clear nondiscretionary duty to investigate. And, because petitioner can raise these challenges in the context of his criminal prosecution, he also has an adequate alternative to mandamus. Furthermore, the Court lacks jurisdiction to order defendant to exercise his prosecutorial discretion to initiate an investigation. *See Heckler v. Chaney*, 470 U.S. 821, 831 (1985) ("[A]n agency's decision not to prosecute or enforce, whether through civil or criminal process, is a decision generally committed to an agency's absolute discretion."); *Drake v. FAA*, 291 F.3d 59,

71 (D.C. Cir. 2002) ("[A]s *Chaney* makes clear, when prosecutorial discretion is at issue, the matter is presumptively committed to agency discretion by law.").  Therefore, the Court must dismiss the petition with respect to this issue.

Petitioner's FOIA request must also be rejected because he has failed to exhaust his administrative remedies.  "[E]xhaustion of administrative remedies is a mandatory prerequisite to a lawsuit under FOIA . . . ."  *Wilbur v. CIA*, 355 F.3d 675, 676 (D.C. Cir. 2004) (quotation marks omitted).  While exhaustion is not a "jurisdictional prerequisite" but rather a "prudential consideration," FOIA's "administrative scheme favors treating failure to exhaust as a bar to judicial review."  *Id.* at 677 (quotation marks omitted).  In addition, "[f]ederal jurisdiction over a FOIA claim is dependent upon a showing that an agency improperly withheld agency records."  *Banks v. Lappin*, 539 F. Supp. 2d 228, 235 (D.D.C. 2008) (citing *Kissinger v. Reporters Comm. for Freedom of the Press*, 445 U.S. 136, 150 (1980)).  "[T]he mailing and receipt of a FOIA request" is "an essential element of a FOIA action," *Schoenman v. FBI*, No. 04-CV-2202, 2006 WL 1126813, at *13 (D.D.C. Mar. 31, 2006), because "[i]t cannot be said that an agency improperly withheld records if the agency did not receive a request for those records."  *Banks*, 539 F. Supp. 2d at 235.  "Without any showing that the agency received the request, the agency has no obligation to respond to it."  *Hutchins v. Dep't of Justice*, No. 00-CV-2349, 2005 WL 1334941, at *2 (D.D.C. June 6, 2005); *see West v. Jackson,* 448 F. Supp. 2d 207, 211 (D.D.C. 2006) (requester did not have "viable FOIA claim" where agency had no record of receiving FOIA request and therefore did not withhold documents in violation of FOIA), *aff'd*, No. 06-5281, 2007 WL 1723362, at *1 (D.C. Cir. Mar. 6, 2007) (per curiam) (noting that plaintiff "has shown no proof of receipt by the [relevant agencies] of that FOIA request").

Here, petitioner contends that he submitted a request for his "USDOJ [c]ase file" (Pet. at 2), although he does not specify where or to whom he submitted that request.  Defendant contends that the DOJ has never received any such request and has submitted a declaration by David Luczynski, an attorney advisor with the DOJ's Executive Office for United States Attorneys ("EOUSA") whose responsibilities include helping the DOJ's many divisions coordinate their responses to FOIA requests.  (*See* Def.'s Mot., Decl. of David Luczynski ["Luczynski Decl."] ¶ 1.)  Luczynski attests that a systematic search for petitioner's name in the EOUSA's relevant databases, incoming correspondence logs, and physical files revealed that as of April 20, 2009, the EOUSA "had not heard from, received any [FOIA] requests from, nor had other communications from the plaintiff."  (*Id.* ¶¶ 4-8, 10.)  From this, Luczynski concludes that the EOUSA had never received the request, possibly because petitioner sent it elsewhere.  (*See id.* ¶ 9.)

In response, petitioner contends that "the USDOJ did actually receive [his] Administrative FOIA Request on October 2, 2008."  (Pl.'s Opp'n at 2.)  There is no competent evidence in the record to support this contention.  Although petitioner has submitted a copy of a letter from FedEx Express to an unidentified "FedEx Customer," stating that on October 3, 2008, in Washington, DC, "M. Parris" signed for a parcel shipped from Flushing, New York (*see id.*, Ex. 2 at 1-2), the letter does not identify the shipper, the addressee, the parcel, or the relationship between "M. Parris" and the unknown addressee.  Petitioner has therefore failed to create a disputed issue of fact regarding whether the DOJ received his FOIA request – or whether he even *sent* such a request – and the Court therefore "has no basis to discredit" DOJ's sworn declaration "that it has no record."  *West*, 448 F. Supp. 2d at 211.  "Since the agency's

declaration[] affirm[s] that a search of [DOJ]'s databases [and other records] did not produce evidence that the agency ever received [petitioner's] request . . . , he has not exhausted his administrative remedies." *Id.*  Accordingly, the Court will grant defendant's motion and dismiss without prejudice the FOIA claims.[2]

### CONCLUSION

For the foregoing reasons, it is hereby **ORDERED** that defendant's motion to dismiss or, in the alternative, for summary judgment is **GRANTED**, and the above-captioned case is dismissed.

This is a final appealable order.  *See* Fed. R. App. P. 4(a).

**SO ORDERED.**


_____/s/_____
ELLEN SEGAL HUVELLE
United States District Judge

DATE:    June 12, 2009

---

[2] Should petitioner wish to obtain information from the DOJ, he could "(re)submit [his requests], ensure receipt, and properly begin the process (anew).  Depending on the outcome of these requests, [petitioner] could certainly file another FOIA-related lawsuit against [DOJ]." *Schoenman*, 2006 WL 1126813, at *13 n.2.